UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| VASSIL MARKOV MARINOV, <br><br> Plaintiff, <br><br> v. <br><br> FIAT CHRYSLER AUTOMOTIVE, <br><br> Defendant. | CAUSE NO.: 4:18-CV-75-TLS-APR |

## OPINION AND ORDER

This matter is before the Court on the Defendant FCA's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [ECF No. 27]. Plaintiff Vassil Markov Marinov, proceeding without counsel, filed a response, and Defendant Fiat Chrysler Automotive (FCA) filed a reply. For the reasons set forth below, the Court denies the motion without prejudice and sets out a briefing schedule for the Plaintiff to file a Supplemental Jurisdictional Statement.

## BACKGROUND

**A.    Indiana State Court Proceedings**

The following is taken from the March 20, 2018 Memorandum Decision of the Indiana Court of Appeals, attached as an exhibit to the Plaintiff's Complaint. *See* Compl. 9–14, ECF No. 1 (Mar. 20, 2018 Mem. Decision, Indiana Court of Appeals Case No. 79A05-1707-SC-1723). The Plaintiff began his employment with the Defendant on July 8, 2013, pursuant to the terms and conditions of a collective bargaining agreement between the United Automobile and Agricultural Implement Workers of America (UAW) and the Defendant. *Id*. 10 (Mem. Decision ¶ 4). Pursuant to the collective bargaining agreement, which was valid from October 2011 to

October 2015, and as a condition of employment, all employees were required to be dues-paying members of the UAW. *Id.* An employee could pay the union dues either by executing a check-off authorization form that resulted in automatic paycheck deductions or by paying the UAW directly. *Id.* The Plaintiff signed a dues checkoff authorization form, which explicitly stated the dues requirements and the procedure an employee must follow if the employee wants to revoke the dues checkoff authorization. *Id.* 10–11. As a result, the Defendant began to deduct union dues from the Plaintiff's paycheck and to forward the dues to the union as required by the collective bargaining agreement. *Id*. 11.

On August 4, 2015, the Plaintiff filed a small claims complaint in Tippecanoe County, Indiana, Superior Court, alleging that the Defendant improperly assigned the Plaintiff's wages for payment of union dues in violation of the Indiana Wage Deduction Statute, Ind. Code § 22-2-6-2. *See id.* 10, 11 (Mem. Decision ¶¶ 1, 5). The Defendant filed a motion to dismiss for lack of subject matter jurisdiction on the basis that the state law claim was preempted by the National Labor Relations Act (NLRA), 29 U.S.C. § 151, et seq. and the Labor Management Relations Act (LMRA) of 1947, 29 U.S.C. § 141, et seq. *See* Compl. 11 (Mem. Decision ¶ 5). On February 25, 2016, the small claims court entered an order of dismissal, and, on March 21, 2016, the Plaintiff filed a motion to correct error, which was denied by the small claims court the same day. *Id*. The Plaintiff appealed. *Id.*

While the appeal was pending, the Plaintiff filed a Charge Against Employer with the National Labor Relations Board (NLRB) on June 21, 2016. *Id.* (Mem. Decision ¶ 6). After an investigation, the NLRB dismissed the Plaintiff's filing because the Plaintiff had completed an Authorization for Check-Off Dues and Initiation Fee form that he never revoked. *Id.* The Plaintiff appealed, but the NLRB denied the appeal on the same grounds. *Id.*

On December 29, 2016, the Indiana Court of Appeals remanded the case to the trial court to hold an evidentiary hearing in order to develop jurisdictional facts. *Id.* 12 (Mem. Decision ¶ 7); *see also Marinov v. Fiat Chrysler Auto.*, 69 N.E.3d 957, No. 79A041604-SC-881, 2016 WL 7493516 (Ind. Ct. App. Dec. 29, 2016). On June 7, 2017, the small claims court conducted an evidentiary hearing, took sworn testimony to develop jurisdictional facts, and reaffirmed its dismissal of the Plaintiff's claims. Compl. 12 (Mem. Decision ¶ 7). On June 26, 2017, the Plaintiff filed a motion to correct error, which was denied on June 29, 2017. *Id.* The Plaintiff then appealed to the Indiana Court of Appeals. *Id.*

In its March 20, 2018 Memorandum Decision, the Indiana Court of Appeals affirmed the dismissal for lack of subject matter jurisdiction. *Id.* 14 (Mem. Decision ¶ 12). The court recognized that "Indiana is a so-called 'right to work' state, meaning that employees cannot be required to join a union as a condition of employment" but that Indiana Code § 22-2-6-2 permits an employee to authorize a wage assignment as one method of payment of union dues. *Id.* 12–13 (Mem. Decision ¶ 10 (citing Ind. Code ¶ 22-6-6-8)). However, the court acknowledged that, "when it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the [NLRA], or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that the state jurisdiction must yield." *Id.* 13 (Mem. Decision ¶ 10) (quoting *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959)). The court further recognized that, because the assignment of wages for union dues has long been regulated by federal law, Indiana's wage assignment statute is preempted when it comes to dues checkoff authorizations. *Id.* (Mem. Decision ¶ 11) (quoting *Gen. Cable Indus. v. Chauffeurs, Teamsters, Warehousemen and Helpers Local Union No. 135*, No. 1:15-cv-81, 2016 WL 3365133, at *3 (N.D. Ind. June 17, 2016) (addressing the preemption of Indiana Code § 22-2-6-2 by 29 U.S.C.

§ 186(c)(4))). The Indiana Court of Appeals held: "Accordingly, as Marinov signed a valid union dues check-off form and as there is no evidence of coercion or lack of consent, this court's jurisdiction is preempted by federal law and, therefore, the small claims court properly dismissed Marinov's claim for lack of subject matter jurisdiction." *Id.* 14 (Mem. Decision ¶ 12). The Indiana Supreme Court denied transfer. *Id.* 15, 21.

**B.     Federal Complaint**

On October 9, 2018, the Plaintiff filed a pro se Complaint in this case based on the same claim and makes the following allegations. *See* Compl. The Plaintiff started working for the Defendant on July 29, 2013, and he continues to work there. *Id.* 2. From his start date through the date of the Complaint, the Defendant did not pay him his full salary by deducting union dues and disposing of the money. *Id.* 2, ¶ 2; *id.* 28–33 (Evidence 7). The deductions were made without his "legal agreement" and contrary to his direct instructions. *Id.* 2, ¶ 2. The Plaintiff attached to his Complaint several communications from the relevant time period disputing the deduction of union dues from his salary and asserting that he did not sign any document giving consent to make the deductions. *Id.* 22–26 (Evidence 1–5). Pay statements for the years 2013–2018 show deductions for "Union Dues" in the "YTD" amounts of $183.55, $482.42, $518.36, $603.75, $648.75, $281.25, respectively, and, for the years 2014–2018, deductions for "Bonus/Back Union Dues" in the "YTD" amounts of $29.34, $91.80, $68.40, $93.63, and $93.69, respectively. *Id.* 28–33 (Evidence 7). The Plaintiff also attached a "petition" and an email he sent to the union in March 2014 asserting that he is not a member of the union and demanding to be removed from union membership. *Id.* 34–35 (Evidence 8).

After reciting the procedural history of the state court proceedings, the Plaintiff states, "After all that, I think, the only way I can get a fair justice is to turn to the US Court and that is

4

why I bring to you this my Case." *Id.* The Plaintiff asks this Court (1) to find that, since July 29, 2013, the Defendant illegally did not pay the Plaintiff his full salary by making deductions and that the Defendant illegally disposed of those deductions, (2) to order the Defendant to stop making the deductions and to repay him in full, and (3) to award him double the deducted amounts in accordance with Indiana Law HEA 1469 and with interest. *Id.* 3, ¶¶ 1–3.

On March 3, 2020, and on the Plaintiff's motion, this case was consolidated for all purposes with *Marinov v. Fiat Chrysler Automotive (FCA)*, 4:18-cv-56-TLS-APR (N.D. Ind. filed Nov. 1, 2018), which alleges that the Defendant did not pay the Plaintiff for holiday pay and supplemental unemployment benefits. *See* Mar. 3, 2020 Order, ECF No. 38.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering such a motion, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Even when the parties do not raise subject matter jurisdiction, the Court is "obliged to inquire sua sponte whenever a doubt arises as to the

existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Defendant seeks dismissal on the bases that this Court does not have original subject matter jurisdiction and that the Plaintiff's claim is barred by the doctrine of res judicata. The Court begins with its subject matter jurisdiction because a federal court may not resolve the merits of a case until it is certain it has subject matter jurisdiction over the controversy. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988); *Long*, 182 F.3d at 554.

**A.     Subject Matter Jurisdiction**

The Defendant argues that this Court lacks original subject matter jurisdiction because the amount in controversy does not equal or exceed $75,000 for purposes of diversity jurisdiction and because the Plaintiff has not alleged a federal question.

*1.     Diversity Jurisdiction*

Diversity jurisdiction exists where no plaintiff and no defendant are citizens of the same state and the amount in controversy is $75,000 or greater. 28 U.S.C. § 1332(a)(1). When the defendant challenges the amount in controversy, the plaintiff must come forward with "competent proof" that the amount is met. *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In his response brief, the Plaintiff asserts that he is not seeking relief under state law, and he does not offer any evidence that the amount in controversy is met. Even considering twice the amount of the union dues deducted from the Plaintiff's paychecks as shown in the exhibits to the Complaint, the total amount in controversy is under $7,000. Thus, the amount in controversy requirement is not met for diversity jurisdiction.

*2.     Federal Question Jurisdiction*

Federal district courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[W]hen the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim; the general grant of federal question jurisdiction contained in § 1331, without a federal cause of action, is not enough." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 281–82 (7th Cir. 2009) (citing *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 456 (1974)). As noted above, "the party invoking federal jurisdiction

bears the burden of demonstrating its existence." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

In its motion, the Defendant argues that the Plaintiff has alleged a claim under the Indiana Wage Deduction Statute, Indiana Code § 22-2-6-2; that the state law claim "cannot be construed as a claim over which the Court has original jurisdiction under 28 U.S.C. § 1331;" and that the "Plaintiff has failed to properly state claims under a federal cause of action." Def. Br. 6, ECF No. 28. The failure to identify a legal theory in the Complaint is not, by itself, fatal under the federal pleading standard. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("But the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."). The factual allegations of the Complaint challenge the deduction of union dues from the Plaintiff's paychecks and the payment of those dues to the union, and the Plaintiff asks the Court to order the Defendant to reimburse the dues and stop the deductions. In his response brief, the Plaintiff contends that his claim "is not based on the laws of Indiana." Pl. Resp. 1, ECF No. 32. Yet, the Plaintiff does not identify any applicable federal law in his brief, nor does he offer a legal argument in support of this Court's subject matter jurisdiction.

For the reasons outlined below, it appears that the Court does not have federal question jurisdiction based on the facts alleged. However, because the Plaintiff is proceeding pro se and in light of his assertion that he is not bringing a state law claim, the Court will give the Plaintiff an opportunity to file a supplemental jurisdictional statement setting forth the basis for the Court's federal question jurisdiction in this case. *See Leaf v. Supreme Court of the State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." (quoting *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991))).

a.      29 U.S.C. § 186(c)(4)

First, the Plaintiff's state court complaint, brought on the same set of facts as the instant Complaint, was dismissed by the Indiana state court because the claim was preempted by federal law, citing *General Cable* for the proposition that Indiana Code § 22-2-6-2 is preempted by 29 U.S.C. § 186(c)(4) (Section 302 of the LMRA). *See* Compl. 10–14 (Mar. 20, 2018 Mem. Decision ¶ 11 (citing *Gen. Cable Indus.*, 2016 WL 3365133, at *3)). That section makes it unlawful for an employer to pay money to a union with certain exceptions, including, as relevant here:

> The [prohibition] provisions of this section shall not be applicable . . . (4) with respect to money deducted from the wages of employees in payment of membership dues in a labor organization: *Provided*, That the employer has received from each employee, on whose account such deductions are made, a written assignment which shall not be irrevocable for a period of more than one year, or beyond the termination date of the applicable collective agreement, whichever occurs sooner . . . .

29 U.S.C § 186(c)(4). The assignment of wages for union dues, including checkoff authorizations, has long been regulated by federal law. *See Int'l Assoc. of Machinists Dist. Ten and Local Lodge 873 v. Allen*, 904 F.3d 490, 495–97, 500–02 (7th Cir. 2018) (holding that the LMRA "preempts Wisconsin's attempt to set new rules for dues-checkoff authorizations governed by § 186(c)(4)"); *Gen. Cable Indus.*, 2016 WL 3365133, at *3 (recognizing that, "to the extent that an Indiana law conflicts with federal law regarding dues checkoff authorizations, the State law is preempted" and holding that the Indiana wage assignment statute, Ind. Code § 22-2-6-2, did not govern the dues checkoff authorization that was covered by § 186(c)(4)).

Recently the Sixth Circuit Court of Appeals held that § 186(c)(4) does not confer a private right of action on civil plaintiffs. *See Ohlendorf v. United Food & Com. Workers Int'l Union, Local 876*, 883 F.3d 636, 640 (6th Cir.) (holding that there is no private right of action,

express or implied, under § 302), *cert. denied sub nom. Ohlendorf v. Local 876, United Food & Com. Workers Int'l Union*, 139 S. Ct. 198 (2018); *see also Donegal Servs., LLC v. Int'l Union of Operating Eng'rs, Local 150, ALF-CIO*, No. 20 C 1990, 2020 WL 5994464, at *4 (N.D. Ill. Oct. 8, 2020) (finding that Section 302 does not create a private right of action (citing *Ohlendorf*, 883 F.3d at 641)); *Barrows v. Teamsters Joint Local 69*, No. 1:11-CV-357, 2012 WL 3867100, at *8 (S.D. Ind. Sept. 5, 2012) (finding that there is no private cause of action for monetary payment or an award of damages under § 186). If there is no private right of action, the Court cannot hear the case. *Ward*, 563 F.3d at 282 ("[T]he threshold question clearly is whether the [Act] . . . creates a cause of action whereby a private party . . . can enforce duties and obligations imposed by the Act; for it is only if such a right of action exists that we need consider . . . whether the District Court had jurisdiction to entertain it." (quoting *Nat'l R.R. Passenger Corp.*, 414 U.S. at 456)).

However, "the NLRB 'has long held that employers and unions engage in unfair labor practices under Sections 8(a)(1)–(3) and 8(b)(1)(A) of the [NLRA] if they check off union dues without an employee's valid authorization.'" *Stewart v. NLRB*, 851 F.3d 21, 23 (D.C. Cir. 2017) (citing *Frito-Lay, Inc.*, 243 N.L.R.B. 137, 137 (1979)); *see also Local 58, Int'l Bhd. of Elec. Workers (IBEW), AFL-CIO v. NLRB*, 888 F.3d 1313, 1315 (D.C. Cir. 2018) (explaining that the NLRB has interpreted Section 7 of the NLRA as protecting an employee's right to revoke a prior authorization for the deduction of union dues and that Section 8 provides that it is an unfair labor practice for the labor organization or its agents to restrain an employee's exercise of the rights guaranteed in Section 7). The NLRB has also held that it is an unfair labor practice for the union and the employer to deny an employee's statutory right under § 186(c)(4) to revoke the checkoff authorization "at least once a year . . . on the annual anniversary of his execution of the authorization" or "upon the termination of the collective-bargaining agreement." *Stewart*, 851

F.3d at 23 (citing *Atlanta Printing Specialties & Paper Prods. Union 527, AFL–CIO*, 523 F.2d 783 (5th Cir. 1985)).

While this means that the Plaintiff may have recourse before the NLRB on his wage claim, it does not help him in this Court because unfair labor practice claims fall within the 'exclusive jurisdiction' of the NLRB, largely precluding the exercise of jurisdiction by federal courts. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83 (1982) ("As a general rule, federal courts do not have jurisdiction over activity which is arguably subject to § 7 or § 8 of the [NLRA] and they must defer to the exclusive competence of the [NLRB]." (quoting *Garmon*, 359 U.S. at 245)); *Local 926, Int'l Union of Operating Eng'rs, AFL–CIO v. Jones*, 460 U.S. 669, 680 (1983) (recognizing that "the *Garmon* preemption doctrine not only mandates the substantive preemption by the federal labor law in the areas to which it applies, but also protects the exclusive jurisdiction of the NLRB over matters arguably within the reach of the Act"). "[T]he same 'exclusive competence' of the NLRB which divests state courts of original jurisdiction over claims subject to sections 7 and 8 also divests federal courts of such jurisdiction." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 806 (7th Cir. 2009) (citations omitted); *see also NLRB v. State of Ill. Dep't of Emp't Sec.*, 988 F.2d 735, 738 (7th Cir. 1993) ("[T]he NLRB has exclusive jurisdiction to remedy unfair labor practices by employers and unions." (citing *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989))).

In fact, it appears that the Plaintiff considers his wage claim to be an unfair labor practice because he filed a charge with the NLRB on the very issue raised in the instant Complaint. *See Sarauer v. Int'l Assoc. of Machinists and Aerospace Workers, Dist. No. 10*, 966 F.3d 661, 677 (7th Cir. 2020) (finding that the plaintiffs had essentially conceded that their wage claim, which

11

complained that the employer wrongfully withheld union dues from the plaintiffs' paychecks "without authorization," was an unfair labor practice by the fact that they had filed an unfair labor practice charge with the NLRB). Although no documents from the NLRB proceedings have been submitted in this case, the Court takes judicial notice of those proceedings for purposes of this jurisdictional inquiry from the Indiana Court of Appeals' March 20, 2018 decision set out in the Background above. *See* Compl. 9–14 (Mar. 20, 2018 Mem. Decision).

b.      Section 301 hybrid claim

Section 301 of the LMRA provides a means of redress in federal court for certain claims: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . maybe be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). Thus, although unfair labor practices by themselves are within the exclusive jurisdiction of the NLRB, a federal district court has concurrent jurisdiction with the NLRB over the unfair labor practice brought against the employer for breach of the collective bargaining agreement if the plaintiff also sufficiently alleges a claim against the union under Section 301 of the LMRA for breach of the duty of fair representation related to the alleged unfair labor practice. *See Bell v. DaimlerChrysler Corp.*, 547 F.3d 796, 804 (7th Cir. 2008) (recognizing the hybrid nature of a section 301/fair representation lawsuit brought in a judicial rather than private forum when the plaintiff is alleging both that the employer violated the collective bargaining agreement and that the union breached its duty of fair representation in relation to that claimed violation (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983)); *see also Nielsen v. Int'l Ass'n of Machinists & Aerospace*

*Workers, Local Lodge 2569*, 94 F.3d 1107, 1111 (7th Cir. 1996); *O'Connor v. Local 881 UFCW*, 393 F. Supp. 2d 649, 655 (N.D. Ill. 2005).

It appears implicit that the Plaintiff is alleging a breach of the collective bargaining agreement by his employer, the Defendant, given the allegations that he was a member of the union (although against his wishes) and that the union dues were withheld from his paycheck by the Defendant without his permission. *See, e.g., Sarauer*, 966 F.3d at 677 (finding that the plaintiffs' claim that the employer wrongfully withheld union dues from their paychecks, "[c]onstrued as a claim for unauthorized deduction in violation of the [collective bargaining] agreement's check-off provision," arose under Section 301 but failed on the merits for failure to exhaust the agreed private remedies (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985))).

But Section 301 requires that the claim also be brought against the union, and the Plaintiff has not named the Union as a defendant in this cause of action, nor are there any allegations that the union breached its duty of fair representation in the grievance procedure or that the Plaintiff first availed himself of the dispute resolution process. *See Bell*, 547 F.3d at 803 ("Union members must avail themselves of [the] dispute-resolution mechanisms [of the grievance and arbitration process] before turning to the courts for relief [under Section 301]." (citation omitted)). The Court recognizes that the Plaintiff filed a separate cause of action against the union in cause number 4:18-cv-59, asserting a claim for religious discrimination related to his membership in the union and the improper deduction of union dues. *See Marinov v. United Auto Worker*, 4:18-cv-59-JTM-APR (N.D. Ind. filed Aug. 9, 2018). The Plaintiff filed another separate complaint against the Defendant (FCA) in cause number 4:18-cv-56, alleging that, as part of his employment, he was inappropriately included as a member of the "UAW" union and

13

that the deduction of union dues from his paychecks is contrary to his religious beliefs. *See Marinov v. Fiat Chrysler Automotive*, Compl. at 2, ECF No. 1, 4:18-cv-56-JTM-APR (N.D. Ind. filed Aug. 9, 2018).

However, the Plaintiff has repeatedly resisted consolidation of his three cases either on the merits or for purposes of discovery. Early in the instant case, the Court directed the Clerk of Court to refile the Complaint from this case as an amended complaint in 4:18-cv-56 and then closed this case. *See* Oct. 11, 2018 Order, ECF No. 4. The Plaintiff filed a motion in both cases, clarifying that he intended for the two complaints to be separate causes of action and asking that the cases proceed separately. *See* Oct. 22, 2018 Mot., ECF No. 5; *Marinov*, 4:18-cv-56, ECF No. 18. The Court granted the motion and reinstated this case. *See* Oct. 25, 2018 Order, ECF No. 6. Later, the Plaintiff's pro bono attorney, who was appointed at the Plaintiff's request in cause number 4:18-cv-56, and who subsequently entered his appearance on behalf of the Plaintiff in this case, withdrew his appearances due to a breakdown in the attorney-client relationship based on a disagreement over the appearance in this case and over the attorney having drafted a proposed amended complaint in anticipation of the consolidation of 4:18-cv-56 and this case. *See* ECF Nos. 46, 49, 50; *Marinov*, 4:18-cv-56, ECF Nos. 90, 91, 96–99. Recently, the Plaintiff persistently objected, unsuccessfully, to the consolidation for discovery purposes of the three cases—4:18-cv-56, 4:18-cv-59, and this case 4:18-cv-75 (which has already been consolidated with a fourth case, 4:18-cv-80, for all purposes). *See Marinov*, 4:18-cv-56, ECF Nos. 103 (4:18-cv-56 and 4:18-cv-75/4:18-cv-80), 104 (4:18-cv-56 and 4:18-cv-59), 109 (reply), 113 (order);

*Marinov*, 4:18-cv-59, ECF Nos. 104 (4:18-cv-59 and 4:18-cv-75/4:18-cv-80), 112 (reply), 113 (order).

Thus, because the Plaintiff has not alleged any claim against the union for breach of its duty of fair representation, the Plaintiff does not appear to be asserting a hybrid claim under Section 301. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 914 (7th Cir. 2013) (citing *Vaca v. Sipes*, 386 U.S. 171, 186–87 (1967); *Thomas v. United Parcel Serv., Inc.*, 890 F.2d 909, 914–16 (7th Cir. 1989)). As a result, the Court does not have subject matter jurisdiction over the wage claim.

**B.      Res Judicata/Claim Preclusion**

Although this Court's subject matter jurisdiction remains in question, the Court briefly addresses the Defendant's request for dismissal based on res judicata (claim preclusion). The Defendant contends that the Plaintiff's claim for repayment of union dues is barred by the doctrine of res judicata because the Plaintiff already litigated the claim through the Indiana Supreme Court. However, the state court complaint was dismissed for lack of subject matter jurisdiction based on federal preemption and, thus, has no claim preclusive effect in this case.

Federal district courts apply state res judicata principles when the prior action was decided in state court. *Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560 (7th Cir. 2019) (citing *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017); 28 U.S.C. § 1738). Under Indiana law, claim preclusion applies when: (1) a court of competent jurisdiction renders a judgment; (2) that judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the current parties to the suit, or their privies, adjudicated the former action. *Marion Cty. Circuit Court v. King*, 150 N.E.3d 666, 672

(Ind. Ct. App. 2020) (citing *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013)).

 Here, neither the first nor second element is met. First, the Indiana state court was not a court of competent jurisdiction on the exclusively federal claim at issue. *See Valbruna Slater Steel Corp.*, 934 F.3d at 561–63 (holding that Indiana claim preclusion law recognizes that, "if there is no state-court jurisdiction to hear an exclusively federal claim, there is no claim preclusion" (applying *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985))). Second, there was no judgment "on the merits" because the state court did not have subject matter jurisdiction. *Hart v. Webster*, 894 N.E.2d 1032, 1037 (Ind. Ct. App. 2008) ("A dismissal for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1) . . . is not an adjudication on the merits nor is it *res judicata*." (citing *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994))). Thus, the state court judgment does not bar the Plaintiff's Complaint in this case.

**C. Dismissal of Cause Number 4:18-cv-80**

 In footnote 6 of its brief, the Defendant seeks dismissal of the Complaint filed in cause number 4:18-cv-80, which has been consolidated with the instant cause of action for all purposes. The Defendant asks the Court to dismiss the claim in 4:18-cv-80 "for the same reasons" that it seeks dismissal of the claim in this case; the Defendant had relied primarily on res judicata and offers no further analysis. Def. Br. 7, n. 6. Although the cases have been consolidated for all purposes, any motion to dismiss the claims alleged in the 4:18-cv-80 complaint, which do not relate to the deduction of union dues but rather to the nonpayment for a holiday and for a temporary layoff, must specifically address those claims and the basis for their dismissal. The Court denies the relief requested in footnote 6.

## CONCLUSION

For these reasons, the Court denies without prejudice Defendant FCA's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [ECF No. 27].

The Court ORDERS the Plaintiff to file, on or before December 7, 2020, a Supplemental Jurisdictional Statement addressing the Court's subject matter jurisdiction, including articulating the legal basis for this Court's federal question jurisdiction. The Court warns the Plaintiff that, if he does not respond by the deadline, the case may be dismissed without prejudice for lack of subject matter jurisdiction.

The Court further ORDERS the Defendant to file on or before December 21, 2020, a response to the Plaintiff's Supplemental Jurisdictional Statement, addressing the issues raised by the Plaintiff therein as well as the legal issues raised by the Court in this Opinion regarding federal question jurisdiction. Finally, the Court grants the Plaintiff up to and including January 4, 2021, to file a reply, if any, in support of his Supplemental Jurisdictional Statement.

SO ORDERED on November 9, 2020.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT